UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE:

ALEX F. VALLADARES                                    CASE NO. 08-13450-BKC-AJC

Debtor.                                               CHAPTER 11 PROCEEDING

_____/

**OBJECTION TO CLAIM OF MJS PONCE, L.P.**

IMPORTANT NOTICE TO CREDITORS:
THIS IS AN OBJECTION TO YOUR CLAIM

  This objection seeks either to disallow or reduce the amount or change the priority status of the claim filed by you or on your behalf.  Please read this objection carefully to identify which claim is objected to and what disposition of your claim is recommended.

  If you disagree with the objection or the recommended treatment, you must file a written response WITHIN 30 DAYS from the date of service stated in this objection, explaining why your claim should be allowed as presently filed, and you must mail a copy to the undersigned attorney OR YOUR CLAIM MAY BE DISPOSED OF IN ACCORDANCE WITH THE RECOMMENDATION IN THIS OBJECTION.

  If your entire claim is objected to and this is a chapter 11 case, you will <u>not</u> have the right to vote to accept or reject any proposed plan of reorganization until the objection is resolved, unless you request an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing your claim for voting purposes.

  Any written response must contain the case name, case number, and must be filed with the Clerk of the United States Bankruptcy Court:

  51 S.W. First Ave., Room 1517, Miami, FL 33130

  Pursuant to Bankruptcy Rule 3007 and Local Rule 3007-1, the Debtors objects to the following claim filed in this case:

  1. On   March 24, 2008, the Debtor filed a Voluntary Petition pursuant to Chapter 11 of the Bankruptcy Code with this Court.

  2. Claimant **MJS Ponce, L.P.**,  ("CLAIMANT") has filed a claim in this case, dated July 9, 2008,   assigned  claim number "12" by the Clerk.   The claim states that this creditor is entitled to a general unsecured claim in the amount of $2,384,783.29.  The claim states that the basis

for the claim is "Debtor Guaranteed Payment of Rent under Lease", and the amount of the claim is based on "Accelerated Rent".

    3.    A review of the claim, and the attachments, reflect a Lease agreement between CLAIMANT and Ponce Fitness Management Inc. D/b/a Lady of America, dated January 27, 2003 ("Lease").  The claim also contains a Lease Guaranty Agreement, dated January 27, 2003 ("Guaranty") which is signed by the Debtor.  The Guaranty purports to have the Debtor guaranteeing the obligations to CLAIMANT under the Lease.  The Guaranty, by its own terms, states that : This Agreement shall apply for the first five (5) years of the term of the Lease. <u>See,</u> Guaranty, paragraph 4.

    4.    Based on the clear terms of the Guaranty, and more specifically the limitation contained in paragraph 4, then the maximum potential exposure of the Debtor would be for rent and related charges through and including January 27, 2008.

    5.    The CLAIMANT filed with the claim an analysis of the how the claim was calculated.  The claim seeks to charge the Debtor for "Base rent" for a period 05/2008- 09/30/2018- in the amount of $1,500,000.00.  This charge is beyond the time period covered by the Guaranty, and is not chargeable to the Debtor.

    6.     The claim further seeks to charge for "Real Estate Taxes" commencing with the dates 05/01/08 and ending at 09/30/2018 for a combined amount of $77,661.33.   This charge is beyond the time period covered by the Guaranty, and is not chargeable to the Debtor.

    7.    The claim charges the Debtor for "Common Area Maintenance"  commencing with the dates 05/01/08 and ending at 09/30/2018 for a combined amount of $339,560.95.   This charge is beyond the time period covered by the Guaranty, and is not chargeable to the Debtor.

    8.     Finally, the claim seeks to charge the Debtor for base rent in the amount of $123,190.80, "final cam" in the amount of $18,474.07, and "final tax" in the amount of $4,321.69- all for the time period in 2008 that is beyond the time period covered by the Guaranty, and is not chargeable to the Debtor.

    9. In short, the claim contains a total charge of $2,063,208.60 which is for charges, fees and

taxes beyond the time period covered by the Guaranty, and is not chargeable to the Debtor.

10. As such, this claim should be reduced and allowed as a general unsecured claim in the amount of $321,574.60.

**WHEREFORE**, for the foregoing reasons, it is respectfully prayed that this Court enter an Order reducing and allowing as a general unsecured claim the claim of **MJS Ponce, L.P.,** assigned claim #12, in the total amount of $321,574.60, and for such other and further relief as this Court may deem just and proper under the circumstances.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on **June 15, 2009**, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified as MLS Ponce, L.P. c/o Peter H. Leavy, Esq., The Barthet Firm, 200 S. Biscayne Blvd., Suite 1800, Miami, FL 33131, in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

BEHAR, GUTT & GLAZER, P.A.
Attorneys for Debtor
2999 N.E. 191st Street, Fifth Floor
Aventura, Florida  33180
Telephone:  (305) 931-3771
Fax:  (305) 931-3774


By_____S/ **Brian S. Behar**_____
BRIAN S. BEHAR / FBN:  727131
ROBERT J. EDWARDS /FBN:  007544