UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:                                                          CASE NO. 08-13450-BKC-AJC
                                                                Chapter 11
**ALEX F. VALLADARES**

_____Debtor_____/

### TRUSTEE'S RESPONSE TO LADY OF AMERICA'S
### MOTION FOR RELIEF FROM STAY AND/OR TO DISMISS [D.E. #219]

Barry E. Mukamal, as Chapter 11 Trustee ("the Trustee") of the estate of Alex F. Valladares (hereinafter "Valladares" or "Debtor") files his response to Lady of America Franchise Corporation's (hereinafter "LOAFC") Motion for Relief from Stay and/or to Dismiss [D.E. #219] (hereinafter "the Motion") filed on May 28, 2009, and states as follows:

The Debtor has an ownership interest in some 25 Lady of America franchises. Two of those franchises filed their own Chapter 11 proceedings, Old Cutler Lady, Inc. (case #08-13450-BKC-AJC) and Tamiami Lady, Inc. (case #08-23190-BKC-AJC) and have subsequently ceased operations. Now there are currently 23 Debtor related Lady of America franchise entities (hereinafter, "the corporate entities") operating twenty three (23) fitness centers (hereinafter "clubs or "gyms") in South Florida, Puerto Rico and Houston Texas. These clubs employ approximately 222 people and in addition have approximately 184 independent contractors providing services. The Debtor's ownership interest in these corporate entities along with the related franchise rights constitutes the majority of the Debtor's assets. The Debtor's salary, distributions from profits of these corporate entities constitute the majority of the Debtor's source of cash income.

On or about May 8, 2009, the Trustee discovered that certain of the corporate entities had made significant payments to Debtor's Counsel. Upon the Trustee inquiry, the Trustee was informed by the Debtor that these payments were made at the direction and

upon the advice of the Debtor's Counsel.  The Trustee immediately notified the Office of the U.S. Trustee regarding the matter.  Thereafter and at the Trustee's request and urging, Debtor's Counsel filed his Amended Rule 2016 Disclosure [D.E. #209] and Motion for Consideration of Amended 2016 Statement [D.E. #210].  As a result, the Trustee immediately set up a process whereby the corporate entities are now providing the Trustee a preview of payments to any and all vendors and payees prior to making disbursement. A hearing on this Rule 2016 Disclosure and Motion is set for June 18, 2009.

LOAFC correctly states in the Motion that the Debtor had been running a buyout promotion. Unbeknownst to the Trustee, this promotion began on April 22, 2009 and ended on May 17, 2009.  Essentially, the buyout promotion allowed certain club members at certain clubs to buyout the remainder of their 2 or 3 year membership contract at a lump-sum discounted payment.  But it was not as if LOAFC was unaware of these lump-sum payments; the corporate entities, LOAFC and the third party processor National Fitness Financial Corp. ("NFF"), are all parties to an agreement whereby NFF provides third party processing of all membership receipts. NFF's online system-to which LOAFC has complete access in real time--tracks memberships, membership collections including special promotions, employee hours, membership contracts, member logins at the clubs and a whole host of other data.  It is essentially a complete sales, receipts and operations system. As a result of NFF's monitoring and LOAFC's related access to operational information, on Monday, May 18, 2009, LOAFC notified the Trustee that they thought the buyout promotion was some kind of subterfuge and that it should be immediately halted. The Trustee immediately began to investigate and asked the Debtor both verbally and in

writing to cease this buyout promotion until the Trustee could finalize his investigation.  The Debtor and the corporate entities immediately complied with the Trustee's request.

LOAFC asserts in its Motion that the buyouts/cashouts "are going straight to the Debtor."  But the Debtor actually continued to honor the NFF agreement and process all the buyouts through NFF, like all other of the corporate entities' transactions.  Furthermore, LOAFC has received its pro-rata royalty commission on the buyout promotion straight from NFF, with the balance of the proceeds being deposited into the corporate entities' operating accounts.

Because LOAFC has complete and unfettered access to the NFF system, LOAFC was mostly right in its analysis that there was approximately $400,000 of buyout promotion payments processed and that a discount of almost $400,000 was provided as part of the promotion.  Attached hereto as Exhibit "1" is an analysis of the actual promotion buyout figures by date and club reflecting that the total buyout proceeds were actually $375,134.  Further, the Trustee has extrapolated and determined through sampling that the average discount was approximately 45%, resulting in calculated write offs of $306,928.

The Franchise agreements for the clubs effectively have different royalty rates based on different types and sizes of the clubs.  As a general rule of thumb however, the Debtor's corporate entities have been paying an average royalty of a bit under 3%.  Because the corporate entities have processed the buyout proceeds through NFF, LOAFC has or is in the process of receiving their royalty fee on the $375,134.  Before considering any time value of money discount, LOAFC has lost future royalties of approximately $9,000 over the next 2 to 3 years ($306,928 x 3% = $9,000).  Therefore, LOAFC's actual damages from this promotion are a far cry from the $1 million alleged in its Motion.

3

With respect to the Debtor's exit from these proceedings, LOAFC's assertion that the only alternatives for this Debtor is a sale of the clubs to either LOAFC (at a bargain basement price--which appears to be LOAFC's true objective) or an approved LOAFC operator, ignores very real alternatives of which LOAFC has been made aware.[1]  The Trustee has been informed that this Debtor has been working toward a stand-alone plan, including the accumulation of cash to fund such a plan.  The Trustee was informed that the buyout promotion was part of that effort.  While the Trustee recognizes that raising cash in this fashion, if carried on too long, may affect potential long term profitability, in proper proportion, it may provide necessary liquidity to fund a plan.

As part of his investigation, the Trustee has taken a measure of this buyout promotion in light of the general health of the corporate entities, the overall increase in business and the overall membership population.  This buyout promotion has raised $375,134 of immediate cash on approximately 1,150 member buyouts of the over 36,000 total members.  Therefore, not taking into consideration new members, approximately 35,000 members will continue to provide monthly cash flow to the corporate entities.  The members that took advantage of this buyout promotion represent just over 3% of the entire member population.  But membership is increasing: new members for March through May 2008 were 4,276; however, new members for the same period in 2009 were 4,710, a 10% increase for the three month period.

During May 2009, the Trustee received $188,000 from the Debtor and is currently holding those proceeds in trust.  On June 16, 2009, the Debtor wired an additional

---

[1]  In addition, the Trustee recently executed a confidentiality agreement with a third-party that has expressed a desire in acquiring the Debtor's business assets.

Tabas, Freedman, Soloff Miller & Brown, P.A. • One Flagler Building, 14 Northeast First Avenue, Penthouse, Miami, Florida 33132 • (305) 375-8171

$125,000 to the Trustee and those funds are currently in the Trustee's account.  These proceeds were distributions from the corporate entities to the Debtor.  Along with the $10,000 proceeds received from the sale of the Old Cutler franchise and proceeds from the Debtor's paychecks, the Trustee is holding over $325,000 of Debtor funds.  In addition, as of June 16th, 2009 after the transfer to the Trustee, the corporate entities had cash available of approximately $317,000 in the corporate accounts.

Most of these facts and figures discussed above are readily available through the NFF system to which LOAFC has unfettered access.  Notwithstanding LOAFC's rhetoric, the complained of promotion in no way constituted a stripping of the clubs.  Instead, the buyout promotion was a planned approach to obtain the cash necessary to fund an anticipated plan.

Moreover, based on LOAFC's intimate knowledge of the corporate entities' operations, transactions and membership agreements through the NFF system, LOAFC's assertion that the corporate entities have little or no documents or business substance rings hollow.  And contrary to LOAFC's claim made throughout its Motion, the Trustee has indeed provided LOAFC and its financial officer with underlying leases, agreements, documents reflecting structure and ownership, payroll reports and historical and current financial reports reflecting assets, liabilities and operational performance of the corporate entities (all of to which the Trustee would be happy to testify).

For these reasons, the Trustee requests that the court deny LOAFC's Motion to Dismiss.

TABAS, FREEDMAN, SOLOFF MILLER & BROWN, P.A. • ONE FLAGLER BUILDING, 14 NORTHEAST FIRST AVENUE, PENTHOUSE, MIAMI, FLORIDA 33132 • (305) 375-8171

*CASE NO. 08-13450-BKC-AJC*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served this

16th day of June, 2009, via electronic transmission to all parties on the attached Electronic

Mail Notice List.

Respectfully submitted,

  /s/ Gary M. Freedman
Gary M. Freedman
Fla. Bar No. 727260
Tabas, Freedman, Soloff, Miller & Brown, P.A.
*Attorneys for the Trustee, Barry E. Mukamal*
One Flagler Building
14 NE 1st Avenue-Penthouse
Miami, Florida 33132
Telephone: (305)375-8171
Facsimile: (305)381-7708
Email: gary@tabasfreedman.com

6

**Alex F. Valladares**
**c/o Barry Mukamal, Trustee**
**Case No.: 08-13450-BKC-AJC**

**Buyout Promotion Analysis**

| Date | M.Lakes 7519 | C.Walk 5344 | W.Flagler 6453 | Ludlam 5734 | M.Gardens 5224 | Rexville 6544 | V. Baja 8493 | H.Rey 9417 | Caguas 6834 | Humacao 9411 | Carolina 6590 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 4/22/2009 | $ 5,700.00 | $ 250.00 | $ 2,875.00 | $ 300.00 | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| 4/23/2009 | $ - | $ 3,585.00 | $ 1,610.00 | $ 1,450.33 | $ 2,625.00 | $ - | $ - | $ - | $ - | $ - | $ - |
| 4/24/2009 | $ - | $ - | $ - | $ 1,458.44 | $ 2,020.00 | $ 104.72 | $ 107.60 | $ 980.79 | $ 203.76 | $ - | $ - |
| 4/25/2009 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| 4/27/2009 | $ 1,285.00 | $ - | $ 400.00 | $ 942.97 | $ 1,260.00 | $ 149.10 | $ - | $ - | $ 190.38 | $ 99.59 | $ 603.70 |
| 4/28/2009 | $ 2,730.00 | $ 3,345.55 | $ 500.00 | $ 526.42 | $ 440.00 | $ 48.61 | $ 501.09 | $ - | $ 189.06 | $ - | $ - |
| 4/29/2009 | $ 3,425.00 | $ 2,190.00 | $ 2,380.00 | $ - | $ - | $ 1,030.45 | $ 148.93 | $ 249.59 | $ 6,076.61 | $ - | $ 149.00 |
| 4/30/2009 | $ 750.00 | $ - | $ 1,110.00 | $ 812.46 | $ - | $ 341.44 | $ 639.40 | $ 430.00 | $ 820.65 | $ 11,667.86 | $ - |
| 5/1/2009 | $ 200.00 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 87.50 | $ 324.63 | $ - |
| 5/2/2009 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 257.60 | | $ - |
| 5/4/2009 | $ - | $ - | $ 176.00 | $ 340.34 | $ - | $ - | $ 1,482.36 | $ 9,056.77 | $ 688.13 | $ 1,117.80 | $ 11,422.12 |
| 5/5/2009 | $ 300.00 | $ 420.00 | $ 650.00 | $ - | $ - | $ 1,995.98 | $ 1,734.86 | $ 373.40 | $ - | $ - | $ - |
| 5/6/2009 | $ 2,050.00 | $ 700.00 | $ - | $ - | $ - | $ - | $ 1,755.09 | $ - | $ 1,106.74 | $ - | $ 2,768.95 |
| 5/7/2009 | $ 1,820.00 | $ 236.00 | $ 620.00 | $ 489.00 | $ - | $ - | $ 678.47 | | | | $ - |
| 5/8/2009 | $ 240.00 | | | $ 120.00 | | $ 8,336.27 | $ 842.55 | | | | $ 648.10 |
| 5/9/2009 | | | | | | | | | | | |
| 5/11/2009 | $ 300.00 | | | | | | $ 399.60 | $ 442.00 | $ 281.20 | | |
| 5/12/2009 | $ 700.00 | | | | | | | | $ 658.49 | $ 164.60 | |
| 5/13/2009 | | | | $ 712.00 | | $ 400.37 | | $ 7,617.82 | $ 1,652.76 | $ 2,023.53 | $ 4,778.02 |
| 5/14/2009 | $ 450.00 | | | $ 549.00 | $ 441.00 | $ 719.10 | $ 2,075.60 | $ 2,577.50 | $ 40.50 | $ 1,527.20 | $ 2,994.04 |
| 5/15/2009 | | | | | | $ 935.30 | $ 2,922.06 | $ 3,991.94 | $ 988.37 | $ 645.62 | $ 12,947.57 |
| 5/16/2006 | | | | | | | | | $ 705.64 | $ 290.05 | $ 2,990.94 |
| 5/17/2009 | | | | | | $ 3,807.17 | $ 1,065.26 | $ 2,136.02 | | $ 5,193.91 | $ 7,452.87 |
| | $19,950.00 | $10,726.55 | $10,321.00 | $ 7,700.96 | $ 6,786.00 | $17,868.51 | $14,352.87 | $28,561.47 | $13,241.75 | $23,054.79 | $46,755.31 |

Exhibit 1

**Alex F. Valladares**
**c/o Barry Mukamal, Trustee**
**Case No.:  08-13450-BKC-AJC**

**Buyout Promotion Analysis**

| Date | Guaynabo 6318 | Ponce 7933 | Mayaguez 6172 | Yauco | Bayamon 6364 | Cayey 9415 | Dorado 8191 | Fajardo 9038 | Arecibo 7934 | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|
| 4/22/2009 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 9,125.00 |
| 4/23/2009 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 9,270.33 |
| 4/24/2009 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 4,875.31 |
| 4/25/2009 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| 4/27/2009 | $ 622.84 | $ 1,845.10 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 7,398.68 |
| 4/28/2009 | $ - | $ - | $ 8,891.17 | $ 1,622.20 | $ - | $ - | $ - | $ - | $ - | $ 18,794.10 |
| 4/29/2009 | $ 76.92 | $ 332.35 | $ 4,414.33 | $ 469.86 | $ 277.78 | $ 2,480.70 | $ - | $ - | $ - | $ 23,701.52 |
| 4/30/2009 | $ 1,099.91 | $ 400.00 | $ 931.29 | $ - | $ - | $ 481.52 | $ - | $ - | $ - | $ 19,484.53 |
| 5/1/2009 | $ - | $ - | $ 725.02 | $ - | $ - | $ 373.25 | $ - | $ - | $ - | $ 1,710.40 |
| 5/2/2009 | $ - | $ - | $ 699.14 | $ - | $ - | $ 1,073.40 | $ - | $ - | $ - | $ 2,030.14 |
| 5/4/2009 | $ 627.34 | $ - | $ 66.97 | $ 1,406.85 | $ - | $ 5,942.80 | $ 1,134.42 | $ 447.91 | $ - | $ 33,909.81 |
| 5/5/2009 | $ 9,363.41 | $ 760.00 | $ 500.00 | $ 14,397.81 | $ - | $ - | $ 186.05 | | $ 253.00 | $ 30,934.51 |
| 5/6/2009 | $ 2,621.83 | $ - | $ 2,441.00 | | $ - | $ - | $ - | | | $ 13,443.61 |
| 5/7/2009 | $ 626.90 | $ 4,879.80 | $ 265.54 | | $ - | $ - | $ - | | $ 183.30 | $ 9,799.01 |
| 5/8/2009 | $ 1,070.87 | | $ 166.53 | | $ 4,241.84 | $ - | $ - | $ 8,256.55 | $ 576.75 | $ 24,499.46 |
| 5/9/2009 | | | | | $ 69.40 | $ 1,968.93 | $ - | | | $ 2,038.33 |
| 5/11/2009 | $ 388.68 | $ 261.56 | $ 192.40 | | | $ 178.10 | $ - | | | $ 2,443.54 |
| 5/12/2009 | | | | | $ 618.55 | | $ 499.90 | | $ 391.38 | $ 3,032.92 |
| 5/13/2009 | $ 1,449.66 | $ 1,284.65 | | $ 3,629.27 | $ 431.32 | | | $ 4,393.87 | $ 1,142.89 | $ 29,516.16 |
| 5/14/2009 | $ 2,526.09 | $ 1,224.59 | | $ 3,545.63 | $ 1,319.08 | $ 2,260.44 | $ 1,655.24 | $ 1,210.00 | $ 1,368.72 | $ 26,483.73 |
| 5/15/2009 | $ 1,260.13 | $ 1,019.85 | | $ 74.59 | $ 1,833.50 | $ 542.52 | $ 506.87 | $ 555.00 | $ 1,947.66 | $ 30,170.98 |
| 5/16/2006 | $ 240.00 | $ 2,339.18 | | | $ 979.10 | $ 3,626.07 | | $ 185.00 | | $ 11,355.98 |
| 5/17/2009 | $ 1,443.87 | $ 4,525.61 | $ 20,483.34 | $ 3,322.95 | $ 485.17 | $ 2,746.31 | $ 3,529.11 | $ 4,565.55 | $ 358.92 | $ 61,116.06 |
| | $ 23,418.45 | $ 18,872.69 | $ 39,776.73 | $ 28,469.16 | $ 10,255.74 | $ 21,674.04 | $ 7,511.59 | $ 19,613.88 | $ 6,222.62 | $ 375,134.11 |

Exhibit 1

**Electronic Mail Notice List**

The following is the list of **parties** who are currently on the list to receive e-mail notice/service for this case.

- Johanna Armengol     Johanna.Armengol@usdoj.gov, johanna.armengol@usdoj.gov
- Brian S Behar     bsb@bgglaw.net
- John G. Bianco III     jgb@trippscott.com, bankruptcynoticecenter@trippscott.com
- Scott N Brown     scott@tfsmlaw.com,
  diane@tfsmlaw.com;lise@tfsmlaw.com;andrea@tfsmlaw.com;francis@tfsmlaw.com;lindsay@tfsmlaw.com
- Robert J Edwards     redwards@bgglaw.com, redwards1868@aol.com
- Gary M Freedman     gary@tfsmlaw.com,
  alice@tabasfreedman.com;jackie@tabasfreedman.com;lise@tabasfreedman.com;zuraika@tabasfreedman.com
- Miami-Dade County Tax Collector     mdtcbkc@miamidade.gov
- Barry E Mukamal     bankruptcy@rachlin.com, FL64@ecfcbis.com
- Barry E. Mukamal     bankruptcy@rachlin.com
- Ronald G Neiwirth     rgn@fowler-white.com
- Office of the US Trustee     USTPRegion21.MM.ECF@usdoj.gov
- Robert G Post     rgp@postandromero.com
- Richard R Robles     rrobles@roblespa.com
- David R Softness     dsoftness@softnesslaw.com
- Joel L Tabas     jtabas@tfsmlaw.com, karen@tfsmlaw.com

**Manual Notice List**

The following is the list of **parties** who are **not** on the list to receive e-mail notice/service for this case (who therefore require manual noticing/service).