UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE:

ALEX F. VALLADARES                                         CASE NO. 08-13450-BKC-AJC

Debtor.                                                    CHAPTER 11 PROCEEDING

_____/

**OBJECTION TO CLAIM NO. 8 OF EMPRESAS
PUERTORRIQUENAS DE DESARILLO, INC.**

**IMPORTANT NOTICE TO CREDITORS:
THIS IS AN OBJECTION TO YOUR CLAIM**

**This objection seeks either to disallow or reduce the amount or change the priority status of the claim filed by you or on your behalf. Please read this objection carefully to identify which claim is objected to and what disposition of your claim is recommended.**

**If you disagree with the objection or the recommended treatment, you must file a written response WITHIN 30 DAYS from the date of service stated in this objection, explaining why your claim should be allowed as presently filed, and you must mail a copy to the undersigned attorney OR YOUR CLAIM MAY BE DISPOSED OF IN ACCORDANCE WITH THE RECOMMENDATION IN THIS OBJECTION.**

**If your entire claim is objected to and this is a chapter 11 case, you will not have the right to vote to accept or reject any proposed plan of reorganization until the objection is resolved, unless you request an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing your claim for voting purposes.**

**Any written response must contain the case name, case number, and must be filed with the Clerk of the United States Bankruptcy Court:**

   51 S.W. First Ave., Room 1517, Miami, FL 33130

Pursuant to Bankruptcy Rule 3007 and Local Rule 3007-1, the Debtor objects to the following claim filed in this case:

1.      On    March 24, 2008, the Debtor filed a Voluntary Petition pursuant to Chapter 11 of the Bankruptcy Code with this Court.

2.      Claimant **Empresas Puertorriquenas de Desarrollo, Inc.,** ("CLAIMANT") has filed a claim in this case, dated June 3, 2008, assigned claim number "8" by the Clerk. The claim states that this creditor is entitled to a general unsecured claim in the amount of $479,081.22.

3. Attached in support of the claim is a Judgment dated, April 25, 2006 against the Debtor in the amount of $415,658.23 ("Judgment"), on a claim on a guaranty of a commercial lease agreement entered by the Commonwealth of Puerto Rico First Instance Court Mayaquez Judicial Center Superior Part ("Puerto Rico Court"). The CLAIMANT also seeks recovery of interest on the Judgment in the amount of $63,422.99.

4. The Judgment supporting the claim itemizes the damage amount as follows: a) rent payments and related fees in the amount of $330,327.03; plus b) holdover rent from July 2005 through October 2005 in the amount of $85,331.20.

5. The Judgment recites that the lease agreement expired by its own terms on July 1, 2005 and that the Debtor[1] surrendered the keys to the subject premises on October 6, 2005.

6. The existence of a claim is controlled by state law but the allowance or disallowance of a claim in bankruptcy is a matter of federal law left to the bankruptcy court's exercise of its equitable powers. In Re: Procare Automotive Service Solutions, LLC, 359 B.R. 653, 657 (Bankr. N.D. Ohio 2007). As a result, the claim as determined by the Puerto Rico Court may only be allowed in this bankruptcy case in the amount set by Congress. Id.

7. The bankruptcy code clearly provides that a claim for damages based on termination of a real estate lease is limited by the cap provided for in Bankruptcy Code §502(b)(6) (referred to herein as "§502(b)(6)"). Id. Accordingly, the claim must be limited pursuant to §502(b)(6).

8. Section 502(b)(6) was designed to compensate a landlord for his loss due to breach of a lease, yet preclude a claim so large as to prevent other general unsecured creditors from recovering a reasonable dividend from the estate. In Re: Clements, 185 B.R. 895, 901 (Bankr. M.D. Fla. 1995). Further, it should be noted that although the language of §502(b)(6) does not expressly mention guarantors, case law has firmly established that it applies to guarantors of leases in bankruptcy, as well as lessees. Id.

---

[1] Although the Debtor's liability for damages under the Judgment is as a Guarantor only, references to the tenant co-defendant shall be referred to as "Debtor" to avoid confusion in the analysis.

9. In determining the allowance of a claim by a lessor for damages resulting from the termination of a lease of real property, the Court is called upon to first calculate what actual damages are recoverable by the landlord under state law as a result of the debtor's breach of lease. In Re: Q-Masters, Inc., 135 B.R. 157, 159 (Bankr. S.D. Fla. 1991). The Court must then determine if this amount exceeds the statutory ceiling imposed by §502(b)(6) and if so, the Court must limit the claim to the amount authorized under §502(b)(6). *Id.*

10. Section 502(b)(6) requires that the Court determine the amount of the claim by adding together any unpaid rent due under the lease on the date the lessee surrendered the premises. *See also,* In Re: Clements, 185 B.R. at 901.

11. As stated above, the Defendant in the Puerto Rico case, surrendered the premises on October 6, 2005 and had last paid rent on July 13, 2005. Accordingly, the unpaid rent purportedly due under the lease, as can be gleaned from the Judgment, is twelve months at $13,333.00 (totaling $159,996.00).

12. This sum must be added to the figure arrived at by calculating the rent due for the remainder of the lease, for either one year or 15%, not to exceed three years, of the remaining term of the lease following the date of surrender. *Id.*

13. Under the lease at issue, the monthly rent of $13,333 multiplied by twelve months totals $159,996.00 yearly rent. The prospective rent due under the lease from the date of surrender in October 2005, consists of twenty-one months rent at $13,333.00 plus an additional fifteen (15) months rent at $15,333.00 (totaling $509,988.00). Fifteen percent (15%) of $509,988.00 equals $76,498.20. In Re: Q-Masters, Inc., 135 B.R. at 160. Accordingly, in accordance with §506(b)(6) the greater amount is one year's rent at $159,996.

14. Accordingly, under §502(b)(6), CLAIMANT's claim must be limited to at most $319,992.00 ($159,996 plus $159,996).

15. Additionally, in calculating the monthly contractual rent ($13,333.00) versus the amount of rent damages awarded in the Judgment ($330,327.03) it is apparent that the Puerto Rico Court awarded prospective damages in the form of accelerated rent. Given this fact, the

CLAIMANT is not automatically entitled to a year's base rent under §502(b)(6). The extent of CLAIMANT's damage claim depends on certain factual issues, such as its attempts, if any, to mitigate its damages, and when CLAIMANT secured another tenant for the leased space. *See,* In Re: Destron, Inc., 40 B.R. 927, 929 (Bankr. N.D. Ill. 1984).

16. The Judgment further provides for holdover rent for four months in the amount of $85,331.20 with no discussion regarding efforts of the CLAIMANT to mitigate damages. The Judgment provides no credit for any rent recovered by the CLAIMANT from any third party lessor subsequent to the Debtor's surrender.

17. Under the applicable law of Puerto Rico, a landlord is required to mitigate its damages by reletting the questioned premises. Additionally, should CLAIMANT have failed to actually mitigate its damages, the Debtor is still entitled to a full credit for the amount of rental proceeds that CLAIMANT could have received in the rental market. Importers Center, Inc. vs. Newell Companies, Inc., 581 F. Supp. 1110 (Dis. Ct., Puerto Rico, 1984).

18. The Debtor should be afforded the opportunity to explore the CLAIMANT's lack of efforts to mitigate its damages. In this regard, this Court should deny CLAIMANT's claim or provide an evidentiary hearing to determine these issues.

19. Further, of particular relevance is a Motion to Request Remedy Against Judgment Under Rule 49.1 of Civil Procedures filed in the Puerto Rico Court on September 2, 2009 ("Motion Challenging Judgment"). The Motion Challenging Judgment, among other things, seeks to correct a scrivener's error and reduce the Judgment in the amount of $85,331.20.

20. Finally, the attachment to the claim, seeks an additional $63,422.99 in interest on the Judgment from April 26, 2006 through the petition date of March 23, 2008. The limitations on the claim pursuant to §506(b)(6) do not provide for the interest claimed by CLAIMANT. The damage cap of §506(b)(6) applies to all damages. In Re: Clements, 185 B.R. at 902. Accordingly, the $63,422.99 interest portion of the claim must be stricken and disallowed.

21. For the foregoing reasons, this claim should be stricken in its entirety. Alternatively, an evidentiary hearing should be held and the claim should be reduced pursuant to §506(b)(6); the

claim should also be reduced by any proceeds that CLAIMANT did, or could have received from a third party, in mitigation of CLAIMANT's damages, plus consider any corrections to the Judgment by the Puerto Rico Court.

**WHEREFORE**, for the foregoing reasons, it is respectfully prayed that this Court enter an Order striking and disallowing the claim as filed by **Empresas Puertorriquenas de Desarrollo, Inc.**, assigned claim #8. Alternatively, an evidentiary hearing should be held and the claim should be reduced pursuant to Bankruptcy Code §506(b)(6). The claim should also be reduced by any proceeds that CLAIMANT did, or could have received from a third party, in mitigation of CLAIMANT's damages in an amount to be determined, plus any corrections to the Judgment by the Puerto Rico Court, and further reduced by the amount of interest claimed, and for such other and further relief as this Court may deem just and proper under the circumstances.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on **September 4, 2009**, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified as: **Cesar E. Lopez, VP, Empresas Puertorriquenas de Desarrollo, Inc.**, P.O. Box 3660006, San Juan, PR 00936-6006, in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

> BEHAR, GUTT & GLAZER, P.A.
> Attorneys for Debtor
> 2999 N.E. 191st Street, Fifth Floor
> Aventura, Florida  33180
> Telephone: (305) 931-3771
> Fax: (305) 931-3774
>
> By_____/s/ **Robert J. Edwards**_____
> BRIAN S. BEHAR/ FBN: 727131
> ROBERT J. EDWARDS /FBN: 007544

## VALLADARES SERVICE LIST

Office of the U.S. Trustee
51 S.W. 1st Avenue
Miami, Florida  33130

Jorge L. Palma, Esquire
701 S.W. 27th Avenue, Suite 900
Miami, Florida  33135

Victor W. Newmark, Esquire
Wiles & Wiles
800 Kennesaw Avenue, Suite 400
Marietta, Georgia  30060

Alexandra Bigas Valedon, Esquire
Modesto, Bigas, Mendez Law Offices
P.O. Box 7462
Ponce, Puerto Rico  00732

Peter H. Leavy, Esquire
The Barthet Firm
200 S. Biscayne Boulevard, Suite 1800
Miami, Florida  33131

Brice, Vander, Linden & Wernick, P.C.
9441 LBJ Freeway, Suite 350
Dallas, Texas  75243

David R. Softness, Esquire
David R. Softness, P.A.
1200 Brickell Avenue
Suite 1900
Miami, Florida  33131

Ronald G. Neiwirth, Esquire
Fowler, White, Burnett, P.A.
Espirito Santo Plaza, 14th Floor
1395 Brickell Avenue
Miami, Florida  33131

Empresas Puertorriquensa
c/o Eldia M. Diaz-Olmo
304 Ponce de Leon
Suite 1100
Hato Rey, Puerto Rico  00918

Recovery Management Systems Corp.
Attn.: Ramesh Singh
25 S.E. 2nd Avenue, Suite 1120
Miami, Florida  33131

Bank of America
475 Crosspoint Parkway
P.O. Box 9000
Getzville, New York  14068

Bank of America
101 N. Tryon Street
Charlotte, North Carolina  28255

Becker & Poliakoff
121 Alhambra Plaza, 10th Floor
Coral Gables, Florida  33134

BPP Retail Properties
P.O. Box 71507
San Juan, Puerto Rico  00936

California Bank & Trust
2399 Gateway Oaks Drive, Suite 110
Sacramento, California  95833

Caribbean Cinemas
P.O. Box 19116
San Juan, Puerto Rico  00910

CBS Outdoors
185 U.S. Highway 46
Fairfield, New Jersey  07004

Citibank
201 W. Lexington Drive
Glendale, California  91203

Coral Reef Center, Ltd.
7785 N.W. 146th Street
Miami Lakes, Florida  33016

CPG Galerias Paseos
P.O. Box 338
Catano, Puerto Rico  00963

Drive-in Center S.E.
PMB 344, 1353 Rd. 19
Guaynabo, Puerto Rico  00966

Edison Lluch
P.O. Box 594
Lajas, Puerto Rico  00667

Equity One Realty & Mgmt.
1696 N.E. Miami Gardens Drive
Miami Beach, Florida  33179

Fajardo Shopping Center S.E.
17 Industrial Drive
Cliffwood Beach, New Jersey  07735

Fidelcomiso Hernandez Castroda
PMB 265, P.O. Box 4985
Caguas, Puerto Rico  00726

First Bank
1519 Ponce de Leon Avenue
Stop 23, P.O. Box 9146
San Juan, Puerto Rico  00908

Frank, Weinberg & Black, PL
7805 S.W. 6th Court
Plantation, Florida  33324

Global Financial
P.O. Box 1547
Great Falls, Montana  59403

Heron Plaza
701 S.W. 27 Avenue, #810
Miami, Florida  33135

HSBC Bank USA, N.A.
Commercial Loan Services
Suite 0002
Buffalo, New York  14270

Internal Revenue Service
SPF - Bankruptcy
P.O. Box 17167, Stop 5760
Attn: Bankruptcy Unit
Fort Lauderdale, Florida  33318

Internal Revenue Service
P.O. Box 21126
Philadelphia, Pennsylvania  19114

Island Equipment
120 Lakeshore Drive, Suite 535
North Palm Beach, Florida  33408

Kimco Realty Corp.
3333 New Hyde Park Road
P.O. Box 5020
New Hyde Park, New York  11042

Madison Capital
9-D Gwynns Mill Court
Owings Mills, Maryland  21117

MAO & Assoc. Investment, Inc.
P.O. Box 7187
Caguas, Puerto Rico  00726

MAO Investments, Inc.
P.O. Box 7187
Caguas, Puerto Rico  00726

Mercantil Commercebank
220 Alhambra Circle
Coral Gables, Florida  33134

Millenium
800 Kennesaw Avenue, Suite 400
Marietta, Georgia  33060

MJS Ponce LP
810 Seventh Avenue, 28th Floor
New York, New York  10019

MJS Rexville, LP
810 Seventh Avenue, 28th Floor
New York, New York  10019

MultiPlaza de Puerto Rico
P.O. Box 474
Trujillo Alto, Puerto Rico  00977

Northwestern Realty Corp.
P.O. Box 987
Victoria Station
Aguadilla, Puerto Rico  00605

Parts Puerto Rico of Cayey
Avenida Jesus T Pinero 1275
San Juan, Puerto Rico  00920

Plaza Dorada
PMB 344, 1353 Rd. 19
Guaynabo, Puerto Rico  00966

Pueblo International, Inc.
P.O. Box 363288
San Juan, Puerto Rico  00936

Pueblo Int'l., Inc.
P.O. Box 363288
San Juan, Puerto Rico  00936

RBC Centura Bank
134 N. Church Street
Rocky Mount., North Carolina  27804

Regency Centers
6240 W. Indiantown Road, Suite 8
Jupiter, Florida  33458

Regency Centers
P.O. Box 532937
Atlanta, Georgia  30353

Regions Bank
2800 Ponce de Leon Blvd., 9th Floor
Coral Gables, Florida  33134

SBA
6801 Lake Worth Road, Suite 209
Lake Worth, Florida  33467

SBS
2601 S. Bayshore Drive
Coconut Grove, Florida  33133

SSSC, S.E.
P.O. Box 594
Lajas, Puerto Rico  00667

Standard Professional Services
1101 Skokie Boulevard, Suite 225
Northbrook, Illinois  60062

SunTrust
P.O. Box 26202
Richmond, Virginia  23260

The Crexent Business Centers
12555 Orange Drive, Suite 100
Davie, Florida  33330

U.S. Bancorp Manifest Funding
1450 Channel Parkway
Marshall, Minnesota  56258

U.S. Express Leasing
300 Lanidex Plaza, 2nd Floor
Parsippany, New Jersey  07054

United Mgmt. Group, Inc.
P.O. Box 29103
San Juan, Puerto Rico  00929

Weingarten Realty Investors
P.O. Box 924133
Houston, Texas  77292

WRI-TC S. Dade Shop. Center
P.O. Box 924133
Houston, Texas  77292

Regions Bank
c/o John G. Bianco, III Esq.
110 S.E. 6th Street
15th Floor
Fort Lauderdale, Fl 33301

Gary M. Freedman, Esq.
Scott N. Brown, Esq.
Tabas, Freedman, Soloff, Miller & Brown, P.A.
14 NE First Avenue, Penthouse
Miami, FL 33132

Barry Mukamal, Trustee
1 SE 3rd Ave
Box 158
Miami, FL 33131

Jeffrey N. Schatzman, Esq.
Schatzman & Schatzman, P.A.
9990 S.W. 77th Avenue
Penthouse 2
Miami, Florida 33156

Paul Steven Singerman, Esq.
Howard Jay Berlin, Esq.
Berger Singerman, P.A.
200 South Biscayne Boulevard
Suite 1000
Miami, Florida 3131

Robert Zarco, Esq.
Zarco Einhorn Salkowski & Brito, P.A.
Bank of America Tower
100 S.E. Second Street
Suite 2700
Miami, Florida 33131