UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE:

ALEX F. VALLADARES                              CASE NO. 08-13450-BKC-AJC

    Debtor.                                         CHAPTER 11 PROCEEDING

_____/

## PRELIMINARY OBJECTION TO AMENDED CLAIM OF LADY OF AMERICA FRANCHISE CORPORATION

**IMPORTANT NOTICE TO CREDITORS:
THIS IS AN OBJECTION TO YOUR CLAIM**

    **This objection seeks either to disallow or reduce the amount or change the priority status of the claim filed by you or on your behalf. Please read this objection carefully to identify which claim is objected to and what disposition of your claim is recommended.**

    **If you disagree with the objection or the recommended treatment, you must file a written response WITHIN 30 DAYS from the date of service stated in this objection, explaining why your claim should be allowed as presently filed, and you must mail a copy to the undersigned attorney OR YOUR CLAIM MAY BE DISPOSED OF IN ACCORDANCE WITH THE RECOMMENDATION IN THIS OBJECTION.**

    **If your entire claim is objected to and this is a chapter 11 case, you will <u>not</u> have the right to vote to accept or reject any proposed plan of reorganization until the objection is resolved, unless you request an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing your claim for voting purposes.**

    **Any written response must contain the case name, case number, and must be filed with the Clerk of the United States Bankruptcy Court:**

    ☐ 51 S.W. First Ave., Room 1517, Miami, FL 33130

    Pursuant to Bankruptcy Rule 3007 and Local Rule 3007-1, the Debtors objects to the following claim filed in this case:

    1.    On   March 24, 2008, the Debtor filed a Voluntary Petition pursuant to Chapter 11 of the Bankruptcy Code with this Court.

2. Claimant **Lady of America Franchise Corporation,** ("CLAIMANT") initially filed a claim in this case, dated July 22, 2008, assigned claim number "17" by the Clerk. The claim stated that this creditor is entitled to a general unsecured claim in an unknown or unspecified amount. The claim states that it is based on "damages-breach of franchise agreements."

3. The Debtor objected to that claim. Prior to any adjudication of the Objection, CLAIMANT filed an amended claim ("Claim"). This Claim states damages of $3,080,868.25, with an explanation of how this damage claim was determined. The explanation also states that the claim damages could be reduced to the amount of $577,510.25.

4. This objection is a preliminary objection to the Claim. The Debtor reserves his right to add other basis to object to the Claim upon further review.

5. The Debtor disputes that any pre-petition breach of a franchise agreement as described in the Claim occurred. Additionally, any such facts that CLAIMANT state support such a breach, were waived by CLAIMANT, or CLAIMANT should be estopped by its acts and writings from claiming a breach based on the stated circumstances.

6. The Debtor would state that any acts that CLAIMANT speaks of in the Claim were caused, in whole or in part, by the delibertate and wrongful acts of CLAIMANT or its agents, and not the Debtor.

7. The Debtor denies that the facts stated in the Claim occurred, and demands strict proof thereof.

8. The intentional campaign by CLAIMANT to "put the Debtor out of business" is a significant reason for this Chapter 11, and has otherwise caused damages to the Debtor's economic credit and reputation. Any claim of CLAIMANT is subject to off-set or set off by damages suffered by the Debtor, in an amount to be determined at a later date.

9. The Debtor disputes that any "abandonment" of the fitness centers has or will occur. The Debtor would further state that it is the intentional acts of CLAIMANT that have made it virtually impossible for the Debtor to operate under the franchise agreements.

10. The CLAIMANT's damages, if any, have been mitigated by the royalty stream that CLAIMANT continues to receive to date.

11. Any claim for "substantial harm to its proprietary marks, reputation and goodwill" are pure conjecture and speculation, and should be denied. Moreover, the CLAIMANT's own acts contributed to any such harm.

12. To the extent applicable, the original objection filed to CLAIMANT's claim is incorporated herein by reference.

13. As such, this claim should be stricken in its entirety.

**WHEREFORE**, for the foregoing reasons, it is respectfully prayed that this Court enter an Order striking and otherwise disallowing the amended claim of **Lady of America Franchise Corporation,** assigned claim #24 and for such other and further relief as this Court may deem just and proper under the circumstances.

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on **September 10, 2009**, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified as Lady of America Franchise Corporation, c/o David Softness, Esq., David R. Softness, P.A., 1200 Brickell Avenue, Suite 1900, Miami, Florida 33131, Paul Steven Singerman, Esq., Howard Jay Berlin, Esq., Berger Singerman, P.A., 200 South Biscayne Boulevard, Suite 1000, Miami, Florida 3131 in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

>BEHAR, GUTT & GLAZER, P.A.
>Attorneys for Debtor
>2999 N.E. 191st Street, Fifth Floor
>Aventura, Florida  33180
>Telephone:  (305) 931-3771
>Fax:  (305) 931-3774
>
>
>By     S/ **Brian S. Behar**
>BRIAN S. BEHAR / FBN:  727131
>ROBERT J. EDWARDS /FBN:  007544